**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    *FOR PUBLICATION*
------------------------------------------------------------X

In re:                                                  Chapter 7

Walter Spagnola                                         No. 11-36227

                              Debtor.
------------------------------------------------------------X

Julia Basile,                                          Adv. Pro. No. 11-09055
                              Plaintiff,

                v.

Walter Spagnola,
                              Defendant.
------------------------------------------------------------X
APPEARANCES:

Lewis D. Wrobel
201 South Avenue, Suite 506
Poughkeepsie, NY 12601
*Attorney for Plaintiff*, *Julia Basile*

Andrea Malin
Genova & Malin
The Hampton Center
1136 Route 9
Wappingers Falls, NY 12590-4332
*Attorney for Defendant*, *Walter Spagnola*

## <u>MEMORANDUM DECISION GRANTING PLAINTIFF'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u>

The Plaintiff brings this adversary proceeding against the Debtor in order to have her

sexual harassment judgment in the amount of $200,000 excepted from discharge as a willful and

malicious injury, pursuant to 11 U.S.C. § 523(a)(6). This Court holds that the debt should be

excepted from discharge under section 523(a)(6), as it was incurred as a result of the Debtor

willfully and maliciously causing injury to the Plaintiff.

## Background

On April 29, 2012, Debtor filed a Voluntary Petition for Relief under Chapter 13 of the

Bankruptcy Code. Prior to the bankruptcy filing, Plaintiff commenced a sexual harassment

lawsuit against Debtor in the United States District Court for the Southern District of New York.

*See* Pl.'s Mot. Summ. J. Ex. B (Complaint in District Court action). The basis of her claim was

that Debtor created a "sexually hostile or abusive work environment," a form of gender

discrimination under federal law. Pl.'s Mot. Summ. J. Ex. C, at 499, 518 (District Court Trial

Transcript).

On June 21, 2007, a Southern District of New York jury awarded the Plaintiff $150,000

in compensatory damages and $50,000 in punitive damages. *Id.* at 518-23. The jury found that

the Plaintiff's right to Equal Protection under the 14th Amendment was violated when the Debtor

engaged in conduct that created a hostile work environment during Plaintiff's employment with

the New York State Thruway Authority. *Id.* at 518.

In order to find liability for the Debtor, the Plaintiff had to prove three elements:

> First, Mr. Spagnola intentionally discriminated against Ms.
> Basile in the terms and conditions of her employment based on Ms.
> Basile's sex through the creation and maintenance of a sexually
> hostile or abusive work environment.
> Second, Mr. Spagnola committed such act or acts of
> discrimination under the color of state law or authority.
> And, third, that Mr. Spagnola's act or acts were the
> proximate cause of the damages sustained by Ms. Basile.

*Id.* at 499. In proving the first element, Plaintiff also had to show Debtor "intentionally, as

opposed to recklessly or negligently, created a hostile work environment on the basis of her

gender." *Id.* at 501. In determining whether the work environment was hostile or abusive, the

jury was required to determine if Debtor's intentional "acts or statements resulted in a work

environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of [the Plaintiff's] employment." *Id.* at 500. The jury found that all three elements had been met, and awarded Plaintiff compensatory and punitive damages. *Id.* at 502, 518-20. The court instructed the jury that it was permitted to award punitive damages if it determined the Debtor needed to be punished for "extraordinary misconduct," and to set an example or warning for others not to engage in similar conduct. *Id.* at 506.

The Debtor appealed the jury verdict and the Second Circuit affirmed it on September 22, 2009. Pl.'s Mot. Summ. J. Ex. D (Second Circuit's Summary Order dated September 22, 2009). In its Order affirming the jury verdict, the Second Circuit noted that the witnesses at trial "detailed inappropriate behavior by Spagnola, including touching [Plaintiff's] thighs and breasts, offering her job security in return for sex, and showing up uninvited at [her] residence." *Id.* at 3. The Second Circuit concluded that "[b]ased on the offensive behavior described, the jury's conclusion was reasonable. The evidence was sufficient to find that there was a hostile work environment because such conduct was hostile, severe, and abusive." *Id.*

On August 1, 2011, the Plaintiff, a listed creditor of Debtor on the bankruptcy petition, brought this adversary proceeding seeking to except from discharge the judgment she obtained against Debtor in the District Court. *See* Pl.'s Compl. ¶ 14. The Plaintiff now seeks summary judgment on the grounds that the Debtor should be collaterally estopped from challenging the facts found by the jury and that those facts are sufficient to prove nondischargeability under section 523(a)(6). *See* Pl.'s Mem. Law.

In response, the Debtor argues that the Plaintiff is not entitled to summary judgment because there exists a genuine issue of material fact—whether the Debtor's conduct was

intentional. *See* Def.'s Mem. Law 2-10. While not disputing the facts underlying the District

Court judgment, the Debtor argues that his subjective intent was not litigated. *See id.* at 9.

Alternatively, the Debtor argues that even if the Court finds no genuine issue of material fact

exists, then summary judgment should be granted in his favor because the District Court

judgment is insufficient to show that his conduct was willful and malicious under section

523(a)(6). *See id.* at 10-13.

## Statement of Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §

157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska

dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I)

(determinations as to the dischargeability of particular debts).

## Summary of the Law

Summary judgment should be granted, "where there are no genuine issues of material

fact and the movant is entitled to judgment as a matter of law." *Jacobowitz v. The Cadle Co.*,

309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a). The moving party has the initial

burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v.

Catrett,* 477 U.S. 317, 322-23 (1986). "[T]he court resolves all ambiguities and draws all

permissible factual inferences against the movant." *Jacobowitz*, 309 B.R. at 435.

The nonmoving party should oppose the motion for summary judgment with evidence

that is admissible at trial. *See* Fed. R. Civ. P. 56(e)(1); *Crawford v. Dep't of Investigation*, 324

Fed. Appx. 139, No. 07-4793, 2009 LEXIS 10256 (2d Cir. May 13, 2009) (affirming award of

summary judgment in favor of the defendant, where a plaintiff presented testimony from

uncorroborated source, as well as "speculation, hearsay and other inadmissible rumor, and

conclusory allegations"); *Raskin v. The Wyatt Co.*, 125 F.3d 55 (2d Cir. 1997) (affirming award of summary judgment in favor of the defendant after finding an expert report inadmissible, noting "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment").

### *Exception from Discharge Pursuant to Section 523(a)(6)*

In *Gelb v. Royal Globe Insurance*, 798 F.2d 38, 45 (2d Cir. 1986), the Second Circuit provided the following factors for determining whether or not collateral estoppel bars an action:

1. The issues in both proceedings must be identical;
2. The issue in the prior proceeding must have been actually litigated and actually decided;
3. There must have been a full and fair opportunity for litigation in the prior proceeding; and
4. The issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*See also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) ("Federal principles of collateral estoppel, which we apply to establish the preclusive effect of a prior federal judgment, require that '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'").

To establish nondischargeability under 11 U.S.C. § 523, a creditor may invoke collateral estoppel to preclude relitigating the elements necessary to meet one of the exceptions provided for in that section. *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).").

Pursuant to section 523(a)(6), an individual debtor may not receive a discharge from any debt "for willful and malicious injury by the debtor to another entity."  Willful means a "deliberate or intentional injury," and malicious means "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (citation omitted).  "Malice may be implied by the acts and conduct of the debtor in the context of the surrounding circumstances."  *Id.* (internal quotation omitted).

### *Whether the Act was Willful?*

In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court defined the term "willful" in the context of section 523(a)(6). The Court held that:

> [N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead 'willful acts that cause injury.' Or, Congress might have selected an additional word or words, i.e., 'reckless' or 'negligent,' to modify 'injury.'

*Geiger*, 523 U.S. at 61-62. The Debtor cites the Supreme Court's decision in *Geiger* in support of his argument that he did not have a full and fair opportunity to litigate his subjective intent. He argues that *Geiger* stands for the premise that the defendant must have intended the consequences of his act—not just the act itself.

In support of his argument, Debtor cites the case of *Sanger v. Busch (In re Busch)*, 311 B.R. 657 (Bankr. N.D.N.Y. 2004).  In *Busch*, the plaintiff won a default sexual harassment judgment against the debtor and then sought to have it excepted as a nondischargeable debt under 11 U.S.C. § 523(a)(6).  *Id.* at 659-60.  The court stated that it was following *Geiger* in holding that for the debt to be nondischargeable under section 523(a)(6), a plaintiff must prove that: "(1) the Debtor deliberately and intentionally caused the resulting injuries to the [p]laintiff; and (2) the Debtor acted maliciously." *Id.* at 666.

In support of its holding that there is "no authority for treating sexual harassment as an intentional tort sufficient to operate as a basis for nondischargeability under § 523(a)(6)," the court in *Busch* stated that it "[could] not find that the Debtor intended to harm the [p]laintiff in any manner" because he "'acted with specific intent to advance his own prurient interests at the expense of [the plaintiff's] right to be free from sexual attack and harassment.'"   *Id.* at 670.  This Court questions the reasoning of *Busch*.  Stating that a debtor's intent to "advance his own prurient interest" was not the same as intent to "harm" a sexual harassment victim is parsing the Supreme Court's holding in *Geiger* too thin.  In *Geiger*, the Supreme Court was concerned with a medical malpractice judgment attributable to negligent or reckless conduct and not a sexual harassment verdict where specific intent was an element of the claim proven at trial.  *Geiger*, 523 U.S. at 59.  This Court believes that exposure to unwelcome sexual conduct, like an advancing of one's prurient interests to the point of harassment, is the injury that a sexual harassment victim suffers and that a judgment finding an individual intentionally caused that injury is enough to meet the prong of willfulness under § 523(a)(6).  This Court declines to follow *Busch*.

In coming to the opposite conclusion, the court in *Busch* relied, in part, on a law review article entitled *The Treatment of Employment Discrimination Claims in Bankruptcy: Priority Status, Stay Relief, Dischargeability, and Exemptions*.  The Busch court used that article as support for its assertion that "sexual harassment under Title VII . . . does not require that the ***employer*** intend to injure the plaintiff." *Busch*, 311 B.R. at 669 (emphasis added).  However, reliance on the law review article for that premise is improper.  The portion of the law review article cited by the court in *Busch* focuses on the specific intent of an employer who is found vicariously liable for sexual harassment, not the intent of the individual harasser.  *See* Joanne Gelfand, Esq., *The Treatment of Employment Discrimination Claims in Bankruptcy: Priority*

*Status, Stay Relief, Dischargeability, and Exemptions,* 56 U. Miami L. Rev. 601, 635-37 (2001).

In fact, that article goes on to state that

> [c]ertainly, where the individual harasser is the debtor, a stronger showing for excepting the debt from discharge can be made. Often, the issues of malice and willfulness are determined in the state court and are entitled to preclusive effect in a subsequent bankruptcy case. Although the application of the doctrine of collateral estoppel is not unique in bankruptcy, the doctrine has significant import in actions to determine dischargeability since the findings of the state court may preclude a subsequent inquiry into willfulness or malice by the bankruptcy court.

*Id.* at 638.

The Plaintiff, in this case, has met her burden by demonstrating that the Debtor acted willfully. The District Court expressly charged the jury with a definition of willfulness that is almost identical to the one provided by the Supreme Court in *Geiger*. In order to find the Debtor liable, the jury was required to find that he "intentionally, as opposed to recklessly or negligently, created a hostile work environment on the basis of her gender. An action is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason." Pl.'s Mot. Summ. J. Ex. C, at 501.

The special verdict returned by the jury found the Debtor liable for "intentionally discriminat[ing] against [Plaintiff] in the terms or conditions of her employment based on her gender through the creation and maintenance of a sexually hostile or abusive work environment." *Id.* at 518. The jury awarded the Plaintiff $150,000 in compensatory damages for such intentional discrimination, and an additional $50,000 in punitive damages in order to punish the Debtor for "extraordinary misconduct." *Id.* at 506.

The Court is persuaded by the many bankruptcy courts that have found that sexual harassment discrimination is inherently an intentional tort and allowed it to be excepted from discharge as a willful and malicious injury. *See, e.g.*, *Voss v. Tompkins (In re Tompkins)*, 290 B.R. 194, 199 (Bankr. W.D.N.Y. 2003); *McDonough v. Smith (In re Smith)*, 270 B.R. 544 (D. Mass. 2001); *Thompson v. Kelly (In re Kelly)*, 238 B.R. 156 (Bankr. E.D. Mo. 1999) ("Malice, or intent to harm, in a sexual intentional tort is self-evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because he should know and therefore the intent is inferred as a matter of law.").

In *McDonough*, a plaintiff obtained a sexual harassment judgment against defendant in Massachusetts state court, which was subsequently affirmed by the state appellate court. 270 B.R. at 546-47. When defendant filed for bankruptcy, the plaintiff sought to have the judgment declared nondischargeable. *Id.* at 546. The bankruptcy court held the defendant's actions to be willful, according to the Supreme Court's definition in *Geiger*. *Id.* at 549.  After considering the state court's findings in the sexual harassment case, the court found the defendant intended his actions and knew the consequences of such actions. *Id.*  The court also found the jury's award of punitive damages to weigh heavily in favor of finding willfulness, since they are only "awarded when a defendant's conduct is egregious and outrageous." *Id.* (citing *McMillan v. Mass. Soc. For the Prevention of Cruelty to Animals*, 140 F.3d 288, 306-07 (1st Cir. 1998)).

In this case, the determination of intent was an element of a district court action that was fully and fairly litigated in a jury trial.  Its outcome was affirmed on appeal to the Second Circuit. Accordingly, the findings in the sexual harassment action and the jury's award of punitive damages necessitates this Court to hold that the Debtor's actions were willful pursuant to section 523(a)(6).

### *Whether the Debtor's Conduct was Malicious?*

Plaintiff also successfully established that the injury was malicious. To establish that an injury was malicious, Plaintiff must demonstrate that the injury was "wrongful and without just cause or excuse." *A.O. Smith Corp.*, 451 F.3d at 69 (2d Cir. 2006) (quoting *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996)). As a matter of law, malice is inherent in finding a debtor liable for sexual harassment. *See, e.g.*, *Busch*, 311 B.R. at 668; *Voss*, 290 B.R. at 199; *McDonough*, 270 B.R. at 549. Sexual harassment is not only illegal, but so morally reprehensible and degrading to one's personal dignity that the harasser's conduct cannot possibly be considered anything other than "wrongful and without just cause or excuse." *See Busch*, 311 B.R. at 668; *McDonough*, 270 B.R. at 549.

Here, the jury concluded that the injury was wrongful by finding liability for the Debtor. Pl.'s Mot. Summ. J. Ex. C, at 518-19. Moreover, on appeal, the Second Circuit affirmed the District Court decision, determining that there was evidence of "detailed inappropriate behavior" and "hostile, severe, and abusive" conduct by the Debtor. Pl.'s Mot. Summ. J. Ex. D, at 3. This determination was made after a full jury trial where the Debtor had a full and fair opportunity to litigate the issue.

Accordingly, the Plaintiff is entitled to a finding of maliciousness.

### Conclusion

Summary judgment should be granted in favor of the Plaintiff. The debt should be excepted from discharge pursuant to section 523(a)(6) of the Bankruptcy Code because the Debtor caused the Plaintiff "willful and malicious" injury. Plaintiff should submit an order consistent with this decision.

Dated: Poughkeepsie, New York
        June 18, 2012

<u>/s/ Cecelia G. Morris</u>
***Chief United States Bankruptcy Judge***